## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSS KING,<br><br>           Plaintiff,<br><br>    v.<br><br>PANERA, LLC, D/B/A PANERA BREAD,<br><br>         Defendant. | Civil Action No. |

### NOTICE OF REMOVAL

Defendant Panera, LLC, d/b/a Panera Bread ("Panera"), by and through its undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 of the removal of the above-captioned action from the Court of Common Pleas, York County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania. In support of this Notice of Removal ("Notice"), Panera states as follows:

### I.  PROCESS, PLEADINGS, AND ORDERS

1.  On September 23, 2025, Plaintiff Joss King ("Plaintiff") filed a Complaint in the Court of Common Pleas York County, captioned *Joss King v. Panera, LLC, d/b/a Panera Bread,* designated as Case No. 2025-SU-003645 (the "State Court Action"). On October 2, 2025, Panera was served with a copy of the Complaint and Summons by the Sheriff at its restaurant located at 1221 Carlisle

Road, York County, Pennsylvania. This was not proper service on Panera (the Complaint should have been served at its registered agent for service of process). A true and correct copy of all process, pleadings, and orders served upon Panera in the State Court Action is attached as Exhibit 1.

2.    Plaintiff alleges in the Complaint that he has a disability and "[a]s part of the treatment regimen for his disability" Plaintiff "utilizes a service animal, specifically a service dog named Isaac." Compl. at ¶¶ 2, 3. On or about May 24, 2022, Plaintiff alleges that he arrived at the Panera establishment located at 1211 Carlisle Road, in York County Pennsylvania for lunch with his service dog. *Id.* at ¶¶ 5, 10-11. Upon entering the establishment, Plaintiff avers that he was "immediately accosted" by Panera's managers, "who informed him that no dogs were permitted" in the establishment, "per Defendant's policy." *Id.* at ¶ 11. Plaintiff alleges that "he attempted to explain that Isaac was a service animal, and therefore could not be barred from a public accommodation, per both the PHRA and the Americans with Disabilities Act, but the managers refused to listen and denied him entry." Plaintiff alleges that Panera violated the Pennsylvania Humans Relations Act ("PHRA") by refusing service to Plaintiff based on his use of a service animal. (*See generally* Compl.)

## II.    VENUE

3.    Because the Court of Common Pleas of York County lies in the Middle District of Pennsylvania, this Court is the appropriate venue for removal. *See* 28 U.S.C. § 118(b) ("The Middle District comprises the counties of . . . York"); 28 U.S.C. § 1441(a) (". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . .").

## III.    DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

4.    This Court has jurisdiction under 28 U.S.C. § 1332(a), which provides this Court with original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.    The Parties Are Diverse
#### 1.    Plaintiff is a citizen of Pennsylvania.

5.    For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain.  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).  To be domiciled in a state, a person must reside

3

there and intend to remain indefinitely. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may only have one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

6.     In the Complaint, Plaintiff admits to residing in Dover, York County, Pennsylvania. (*See* Compl. at ¶ 1.) Thus, Plaintiff should be construed to be a citizen of the Commonwealth of Pennsylvania.

### 2.     Panera is not a citizen of Pennsylvania.

7.     Panera is, and was, at the commencement of this action, a limited liability company ("LLC"). For diversity purposes, the citizenship of an LLC is determined by the citizenship of each of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). If an LLC's sole member is a corporation, citizenship is determined by that entities state of organization and principal place of business. *See Johnson v. SmithKline Beecham Corp.,* 724 F.3d 337, 348-349 (3d Cir. 2013). The phrase "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities, which is often called its "nerve center." *See Hertz Corp. v. Friend,* 559 U.S. 77, 78 (2010).

8.     Panera Bread Company is Panera LLC's sole member. Panera Bread Company is a corporation organized under the laws of the State of Delaware. Panera

Bread Company maintains its principal places of business in Fenton, Missouri and Newton, Massachusetts. Accordingly, Panera is a citizen of Delaware, Missouri, and Massachusetts, and *not* Pennsylvania, for diversity purposes. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1). In support of these assertions, the Declaration of Leigh Ann Vines is attached hereto as Exhibit 2.

**B.    The Amount In Controversy Exceeds $75,000**

9.    Pursuant to 28 U.S.C. § 1446(c), Panera need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

10.    The Complaint does not set forth an amount in controversy or any specific monetary demand. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy" and need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional amount of $75,000. *See* 28 U.S.C. § 1446(c)(2).

11.    For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in state court." *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The court, however, does not merely accept a plaintiff's contentions regarding the amount in controversy, but is required to analyze the legal claims to determine if a plaintiff's actual

monetary demands exceed the $75,000 threshold. *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

12.    Here, although Panera vigorously disputes Plaintiff's allegations and denies liability, the amount in controversy exceeds the $75,000 jurisdictional requirement under 28 U.S.C. § 1332(a), exclusive of interest and costs. As set forth in the Complaint, Plaintiff has asserted a claim under the PHRA. Compensatory damages and attorneys' fees and costs are recoverable under the PHRA. *See* 43 P.S. § 962(c); *Taylor v. K N B's Inflatables Please, LLC*, Case No. 4:22cv474, 2025 U.S. Dist. LEXIS 78664, at *15 (M.D. Pa. Apr. 25, 2025) (stating in a public accommodation PHRA case that "[c]ompensatory damages may be recovered for humiliation, emotional distress, and mental anguish").

13.    A reasonable reading of the Complaint suggests the amount in controversy here is in excess of $75,000. *See Angus v. Shiley, Inc.*, F.2d 142, 146 (3d Cir. 1993) ("where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed").

14.    *First*, Plaintiff seeks compensatory damages for emotional distress under the PHRA. (*See* Compl. at ¶ 24; at p. 5 [Wherefore Clause].) The PHRA does not have a statutory cap for compensatory damages. *Gucker v. U.S. Steel Corp.*, 212 F. Supp. 3d 549, 561 (W.D. Pa. 2016); *see also Gagliardo v. Connaught Lab'ys,*

*Inc.,* 311 F.3d 565 (3d Cir. 2002) (court apportioned all the $2 million compensatory damages award to claim under PHRA); *Briggs v. Temple Univ.,* 339 F. Supp. 3d 466, 521 (E.D. Pa. 2018) (holding plaintiff's compensatory damages award of $350,000 for emotional distress was properly supported by the weight of evidence and upheld, as the statutory cap under Title VII did not apply and the award was attributable to claims brought under the PHRA).

15.     *Second*, attorneys' fees must be considered when determining whether the amount in controversy is met. *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (holding that "attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action"); *Raspa v. The Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (stating that attorney's fees "alone can exceed six figures."). Because attorneys' fees are recoverable under the PHRA, they are necessarily part of the amount in controversy. *See* 43 P.S. § 962(c); *see also Easterling v. Cnty. of Del.*, No. CV 23-5016, 2025 WL 1480359, at *1 (E.D. Pa. May 22, 2025) (awarding plaintiff, the prevailing party, attorneys' fees because the PHRA provides that "[i]f, after a trial ... the court ... finds that a defendant engaged in or is engaging in any unlawful discriminatory practice as defined in this act, the court may award attorney fees and costs to the prevailing plaintiff"); *Poff v. Prime Care Med., Inc.*, Case No. 1:13-CV-03066, 2016 U.S. Dist. LEXIS 77271 (M.D. Pa. June 14, 2016) (awarding

$88,419.60 in attorneys' fees in single plaintiff case brought by the same plaintiff's counsel who represents Plaintiff).

16.     Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because this is a civil action between citizens of different states.

17.     Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

## IV.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

18.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on October 31, 2025, which is "within 30 days after the receipt by [Panera], through service or otherwise, of a copy of the initial pleading" at its store location on October 2, 2025.

19.     In accordance with 28 U.S.C. § 1446(d), Panera has filed this Notice with this Court, is serving a copy of this Notice upon counsel for Plaintiff and is filing a copy of this Notice in the Court of Common Pleas of York County.

20.     Panera reserves the right to submit further evidence supporting this Notice should Plaintiff move to remand.

## V.    CONCLUSION

WHEREFORE, Panera, LLC, d/b/a Panera Bread respectfully requests that this case be removed to the United States District Court for the Middle District of

Pennsylvania, that this Court accept jurisdiction of this action, and that this action be henceforth placed on the docket of the Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

Dated: October 31, 2025

/s/ Andrea M. Kirshenbaum
Andrea M. Kirshenbaum, Bar No. 88030
akirshenbaum@littler.com
Zach Finkelman, Bar No. 335942
zfinkelman@littler.com
LITTLER MENDELSON, P.C.
Three Parkway, 1601 Cherry Street
Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone:  267.402.3000
Facsimile:   267.402.3131

Attorneys for Defendant
Panera, LLC, d/b/a Panera Bread

## **CERTIFICATE OF SERVICE**

I, Andrea Kirshenbaum, hereby certify that on the 31st day of October 2025,

true and correct copy of the foregoing Notice of Removal was served via email and

first-class U.S. mail, postage prepaid, upon the following counsel of record:

Stephen T. Mahan, Esq.
smahan@weisbergcummings.com
Derrek W. Cummings, Esq.
dcummings@weisbergcummings.com
Weisberg Cummings, P.C.
2704 Commerce Dr, Suite B,
Harrisburg, PA 17110

*Counsel for Plaintiff*


*/s/ Andrea M. Kirshenbaum*
Andrea M. Kirshenbaum

Dated: October 31, 2025