# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSS KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PANERA, LLC, D/B/A PANERA BREAD,<br><br>　　　　　Defendant. | Civil Action No. 1:25-cv-02064-KMN<br><br>JUDGE KELI M. NEARY |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PANERA, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Panera, LLC d/b/a Panera Bread ("Defendant" or "Panera"), submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint of Plaintiff Joss King ("Plaintiff") under Federal Rule of Civil Procedure 12(b)(6).

It is well-established that to bring a timely claim under the Pennsylvania Human Relations Act ("PHRA"), an individual needs to file a Complaint within 180 days of the alleged unlawful practice. A review of Plaintiff's Complaint in this case makes patently clear that according to his own allegations, Plaintiff filed his Complaint with the Pennsylvania Human Relations Commission ("PHRC") more than 180 days after he alleges that he was refused access to Panera's York location with his alleged service dog on May 24, 2022. Accordingly, Panera respectfully requests that the Court dismiss Plaintiff's Complaint as time barred.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff "has a disability" and "[a]s part of the treatment regimen" he "utilizes a service animal, specifically a service dog named Issac." Compl. at ¶¶ 2, 3.

On or about May 24, 2022, Plaintiff went to the Panera located at 1221 Carlisle Road, York County, Pennsylvania ("Restaurant") for lunch with his service dog, Isaac. *Id*. at ¶¶ 10, 11. Plaintiff alleges that he was informed by Panera personnel that "no dogs were permitted in the Restaurant." *Id*. at ¶ 11. Plaintiff

---

[1] The facts recited herein derive from Plaintiff's Complaint and are accepted as true for purposes of this motion only.

contends that he "attempted to explain that Isaac was a service animal," but that he was denied entry by "Defendant's managers." *Id.* at ¶ 12.

"On or about December 2, 2022," Plaintiff "initiated" a Complaint of Discrimination with the PHRC, alleging a violation of the public accommodations provision of the PHRA. *Id.* at ¶ 7. Plaintiff filed his Complaint against Panera on September 23, 2025, in the Court of Common Pleas York County, Pennsylvania.[2] *See generally*, Compl. On October 1, 2025, Panera was "served" with a copy of the Complaint and Summons by the Sheriff at the Restaurant.[3] On October 31, 2025, Panera removed the case to this Court.

## II.   STATEMENT OF QUESTION INVOLVED

**A.   Question Involved: Does the Complaint sufficiently plead a timely PHRA public accommodation claim?**

**Proposed Answer**: No.

## III.   ARGUMENT

### A.   Legal Standard

Dismissal under Rule 12(b)(6) is proper when a complaint fails to state a claim

---

[2] Plaintiff is no stranger to filing lawsuits of this nature. He has initiated nearly identical actions in the Middle District of Pennsylvania, including *Joss King v. The Vault Pizza & Grill, Inc.*, No. 1:23-cv-01766-JPW; *Joss King v. Ethan Greer d/b/a Taqueria El Camino*, No. 1:24-cv-00082-JPW; and *Joss King v. K Bros., Inc. d/b/a Big Jims Seafood House*, No. 1:24-cv-00275-JPW. In each of these cases, Plaintiff alleged that he was denied service due to the presence of his service dog, Isaac, and asserted claims under the Americans with Disabilities Act ("ADA") and the PHRA.
[3] This was not proper service on Panera (the Complaint should have been served on its registered agent for service of process).

2

upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (internal citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Before filing a lawsuit alleging violations of the PHRA, a plaintiff "must exhaust all required administrative remedies. . . ." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)). Whether a plaintiff has timely exhausted administrative remedies is "in the nature of statutes of limitation" and thus "[t]imeliness of exhaustion requirements are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim." *Robinson*, 107 F.3d at 1022.

## B. Plaintiff's PHRA Public Accommodations Claim Is Untimely.

"To bring suit under the PHRA, a plaintiff must first have filed an administrative complaint with the PHRC within 180 days of the alleged act of discrimination." *Woodson v. Scott Paper Co.,* 109 F.3d 913, 925 (3d Cir. 1997) (citing 43 Pa. C.S. §§ 959(a), 962). "The Pennsylvania courts have *strictly interpreted* this requirement, and have repeatedly held that persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act." *Id.* (internal quotations omitted) (emphasis added). As an example, in *Glover v. SpiriTrust Lutheran*, plaintiff was terminated on June 6, 2023. No. 1:24-CV-1561, 2025 WL 1523005, at *1 (M.D. Pa. May 28, 2025). Nine months later, on March 7, 2024, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") to be dual filed with the EEOC and PHRC. *See id.* The court dismissed plaintiff's PHRA claim as untimely because the charge was filed 275 days after plaintiff was terminated, and thus outside the 180-day period. 2025 WL 1523005, at *3.

Here, the alleged discriminatory act occurred on May 24, 2022, when Plaintiff claims he was denied service at Panera due to the presence of his service dog. However, Plaintiff alleges that he filed his administrative complaint with the PHRC on December 2, 2022—**192 days** after the alleged unlawful practice. The PHRA

4

imposes a strict 180-day deadline for filing such claims, and courts consistently have held that failure to comply with this statutory requirement bars judicial relief. *See Woodson,* 109 F.3d at 925 ("Strictly interpreting the filing requirement of the PHRA allows the PHRC to use its specialized expertise to attempt to resolve discrimination claims without the parties resorting to court."); *see also Richardson v. Miller*, 446 F.2d 1247, 1248 (3d Cir. 1971) ("Since plaintiff failed to file a charge with the respective Commissions within the appropriate time periods, he is now foreclosed from pursuing the remedies provided by the Acts.") Accordingly, Plaintiff's PHRA claim is time-barred and should be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Panera, LLC respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  November 7, 2025 | */s/ Andrea M. Kirshenbaum* <br> Andrea M. Kirshenbaum, Bar No. 88030 <br> akirshenbaum@littler.com <br> Zach Finkelman, Bar No. 335942 <br> zfinkelman@littler.com <br> LITTLER MENDELSON, P.C. <br> Three Parkway, 1601 Cherry Street <br> Suite 1400 <br> Philadelphia, Pennsylvania 19102.1321 <br> Telephone: 267.402.3000 <br> Facsimile: 267.402.3131 <br><br> *Attorneys for Defendant* <br> *Panera, LLC, d/b/a Panera Bread* |

## CERTIFICATE OF PAGE LENGTH AND WORD COUNT PER LOCAL RULE 7.8

Pursuant to Local Rule 7.8, I certify that Defendant's Memorandum of Law in Support of its Motion to Dismiss is 6 pages long and approximately 1125 words based on Microsoft Word's Word Count dialog box.

*/s/ Andrea M. Kirshenbaum*
Andrea M. Kirshenbaum

## **CERTIFICATE OF SERVICE**

I, Andrea M. Kirshenbaum, hereby certify that on the 7th day of November 2025, the foregoing document was filed using the Middle District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

>                                     */s/ Andrea M. Kirshenbaum*
>                                     Andrea M. Kirshenbaum

Dated: November 7, 2025